IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-0740-WJM-STV

BENJAMIN ULLOM,

    Plaintiff,

v.

DOCTORS COLLECTION SERVICE, INC.,

    Defendant.

---

## ORDER GRANTING MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

---

Plaintiff Benjamin Ullom ("Plaintiff") brings claims against Defendant Doctors Collection Services ("Defendant") arising under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"). Now before the Court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2). (ECF No. 8 (the "Motion").) Plaintiff timely filed a Memorandum of Law in Opposition to Defendant's 12(b)(2) Motion to Dismiss (ECF No. 20 ("Response")), which was followed by Defendant's Memorandum of law in Reply to Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) (ECF No. 22 ("Reply")). For the reasons explained below, Defendant's Motion is granted and the action is dismissed for lack of personal jurisdiction.

### I. LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties. The plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur*

*Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). As is true here, when the court does not hold an evidentiary hearing before ruling on jurisdiction, "the plaintiff need only make a *prima facie* showing" of personal jurisdiction to defeat a motion to dismiss. *Id*. (citing *Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.*, 710 F.2d 1449, 1454 n.2 (10th Cir. 1983)). A plaintiff "may make this *prima facie* showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). To defeat the plaintiff's *prima facie* case, a defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

To obtain personal jurisdiction over a nonresident defendant, the plaintiff "must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). In Colorado, the state's long arm statute "confers the maximum jurisdiction permissible consistent with the Due Process Clause." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005) (referring to Colo. Rev. Stat. § 13-1-124). Thus, the Court need only address the constitutional question of whether the exercise of personal jurisdiction over the defendants comports with due process. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (the state jurisdictional

analysis in Colorado "effectively collapses into the second, constitutional, analysis").

The Court will accept the well-pled factual allegations of the complaint as true to determine whether Plaintiffs have made a *prima facie* showing that personal jurisdiction exists. *Id.* Any factual conflicts arising from affidavits or other submitted materials are resolved in the plaintiff's favor. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

## II. FACTUAL BACKGROUND[1]

Plaintiff, a Colorado resident who previously resided in Alaska, alleges that Defendant, a debt collector with its principal place of business in Alaska, reported a debt allegedly unpaid by him to a credit reporting agency, in violation of the FDCPA. (ECF No. 1 at 3, ¶ 18.) According to Plaintiff's Complaint, Defendant reported the alleged debt on plaintiff's credit report, Plaintiff disputed the alleged debt in a dispute letter sent to Defendant via facsimile on July 25, 2016. (*Id.* at 3, ¶¶ 12–13; ECF No. 8 at 8.) On November 4, 2016, Plaintiff found that "Defendant had re-reported the credit account to the bureau(s) in September 2016" and "Defendant failed to list the account as 'disputed by consumer' despite being required to do so by the FDCPA." (ECF No. 1 at 3, ¶¶ 14–15.) Plaintiff claims that "[a]s a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged." (*Id.* at 3, ¶ 16.)

## III. ANALYSIS

Plaintiff does not argue that Defendant is subject to this Court's general

---

[1] Consistent with the standard outlined in Part II, these facts are drawn from the well-pled facts of Plaintiff's Complaint (ECF No. 1), and from the various documents filed by the parties, as cited.

jurisdiction, only that the Court has specific jurisdiction over the claims in this action. (*See* ECF No. 20 at 9.) "A specific jurisdiction analysis involves a two-step inquiry." First the Court "must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court here." *Benton*, 375 F.3d at 1075 (internal quotation marks omitted). "Second if the defendant's actions create sufficient minimum contacts, [the court] must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co.v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 113 (1987)).

The "'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov*, 514 F.3d at 1071. The Court addresses each inquiry in turn.

The first step of the Court's analysis may be phrased either as whether the defendant "'purposefully directed' its activities at the forum state" or "'purposefully availed' itself of the privilege of conducting activities or consummating a transaction in the forum state," depending on the factual context and the nature of the claims. *Dudnikov*, 514 F.3d at 1071. The Supreme Court has made clear that the aim of this inquiry is, in any event, "to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Id.* (quoting *Burger King*, 471 U.S. at 475.)

Three additional principles further inform the Court's analysis here. First, case

law makes clear that the requisite "minimum contacts" "must arise out of contacts that the 'defendant *himself*' creates with the forum States." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014) (emphasis in original). Thus, "the unilateral activity of another party is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State." *Dudnikov*, 514 F.3d at 1073 (internal quotation marks omitted); *accord OMI*, 149 F.3d at 1092.

Second, the Court's "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 134 S. Ct. at 1122. "To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1123. Rather, "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 1122.

Third, the "mere foreseeability of causing an injury in the forum state is, standing alone, insufficient." *Dudnikov, 514 F.3d* at 1077. A plaintiff must establish "not only that defendants foresaw (or knew) that the effects of their conduct would be felt in the forum state, but also that defendants undertook *intentional actions that were expressly aimed at that forum state*." *Id.* (emphasis in original).

Applying the foregoing principals, the Court finds that Plaintiff has failed to make a sufficient *prima facie* showing of minimum contacts. Defendant did not affirmatively direct communications to Plaintiff in Colorado. (ECF No. 8 at 7.) Defendant sent an

5

initial collection demand letter to Plaintiff at Plaintiff's Alaska address—the address provided by the original creditor. (*Id.* at 2.) Defendant mailed a second letter to Plaintiff in response to his dispute letter, also to his Alaska address. (*Id.*) Neither letter was returned as undeliverable. (*Id.*) Additionally, "Defendant did not place any calls to Colorado and did not receive any calls from Colorado in its efforts to collect from Plaintiff." (*Id.* at 11.) While Plaintiff claims that Defendant knew Plaintiff was a resident of Colorado when it reported his debt to the credit agencies (ECF No. 20 at 2), Plaintiff does not provide any factual basis for this claim, and Defendant maintains that it "never received a telephone call from Plaintiff informing Defendant of his new address" (ECF No. 8 at 2).

Defendant claims it did not purposefully direct any collection activities into the state of Colorado. (*Id.* at 8.) Defendant is not licensed as a Collection Agency in Colorado and "does not collect accounts with Colorado addresses." (*Id.* at 2, 8.) Indeed, "[i]n the event a creditor sends Defendant an account that is associated with a consumer who resides in a state like Colorado wherein Defendant does not collect, the account is automatically blocked such that no collection activity will occur on the account." (*Id.* at 8.)

Plaintiff contends that "[i]f a debt collector is reporting to national credit agencies who operate throughout the United States, that collector must anticipate that it is availing itself of the laws of those fifty states where it is reporting." (ECF No. 20 at 6.) However, Plaintiff cites no case law or other authority to support this broad and conclusory contention, which, as a practical matter would appear to make all debt

6

collectors subject to suit in all states all the time. There is simply nothing in the statute or applicable case law to support such a sweeping proposition.

Given that in attempting to collect from Plaintiff, Defendant did not purposefully direct any of its collection activities to Colorado, did not contact Plaintiff in Colorado, did not place any calls to Colorado, and did not even receive any calls from Colorado, the Court concludes that Plaintiff has not demonstrated that Defendant's actions create sufficient minimum contacts with this State. Because Plaintiff has failed to make a *prima facie* showing of minimum contacts to defeat a motion to dismiss, the Court does not need to consider whether Plaintiff's injuries arise out of Defendant's forum-related activities. Nor does it need to consider whether the exercise of personal jurisdiction over the Defendant would offend traditional notions of fair play and substantial justice.

## IV. CONCLUSION

For the reasons set forth below, the Court ORDERS as follows:

1. Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P 12(b)(2) (ECF No. 8) is GRANTED IN PART and DENIED IN LIMITED PART;

2. Defendant's Motion is GRANTED to the extent that it requests a dismissal of Plaintiff's claims;

3. The Court exercises its discretion to DENY that portion of Defendant's Motion which seeks an award of costs and/or attorney's fees;

4. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE FOR LACK OF PERSONAL JURISDICTION; and,

5. The Clerk of Court is DIRECTED to TERMINATE this action.

Dated this 30th day of January, 2018

BY THE COURT:

_____
William J. Martinez
United States District Judge